UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | § | |
| | § | |
| *Plaintiff,* | § | |
| | § | |
| v. | § | CRIMINAL ACTION H-09-363-01 |
| | § | |
| DAVID CHARLES BREDA, JR., | § | |
| | § | |
| *Defendant.* | § | |

ORDER

Pending before the court in this garnishment proceeding are the following motions: (1) Defendant David Charles Breda, Jr. ("David") and his spouse Jessica Breda's ("Jessica") motion objecting to the government's application for a writ of garnishment, Dkt. 47, and (2) David and Jessica's motion for a stay of garnishment proceedings and hearing request.  Dkt. 54.  After considering the motions, responsive briefing, record evidence, and applicable law, David and Jessica's motions (Dkts. 47, 54) are **DENIED**, and their hearing request is also **DENIED**.

Briefly, on January 29, 2010, David was sentenced to two-years' imprisonment followed by life supervised release. Dkt. 33.  As part of David's sentence, he was ordered to pay restitution in the amount of $67,076.75.  Dkt. 40 at 1.  The restitution order specified that payments were to be made as follows: 25% of David's wages earned while in prison, with any balance remaining after release to be paid in monthly installments of 10% of gross wages earned over a period of 120 months, to commence 90 days after release.  *Id.*  Since his 2012 release, David has been credited with $3,705.00 in restitution payments, resulting in a balance, as of April 1, 2014, of $63,371.75.  Dkt. 55 at 1–2.  To recover additional sums in restitution, the government filed an application for a writ of garnishment on March 13, 2014. Dkt. 41.  On March 26, 2014, the court granted the government's

motion and directed the clerk to issue the writ to garnishee American International Group, Inc. ("AIG") for nonexempt property belonging to or due David and/or Jessica. Dkt. 42. David, Jessica, and AIG were personally served with the writ on April 7 and 9, 2014. Dkts. 43–45.

On April 11, 2014, David and Jessica answered the writ and a motion objecting to the application thereto. Dkts. 46–47. They also filed a motion to stay the garnishment proceedings and a hearing request on April 21, 2014. Dkt. 54. David and Jessica object to the writ on two principal grounds: (1) garnishment of nonexempt property of David and/or Jessica improperly exceeds the restitution order's installment payment schedule; and (2) Texas law prohibits garnishment of Jessica's sole-management community property, including her personal wages.

First, David claims that the government may not garnish property beyond the monies recoverable under the restitution order's payment schedule. Dkt. 47 at 1–2 (referring to his payment history as an accord and satisfaction). However, while the order specifies a mandatory payment schedule for David to follow, the order's language does not refer to the schedule as the exclusive avenue for the victim's recovery. In these circumstances, under controlling Fifth Circuit authority, the government may pursue additional property belonging to the debtor outside the installment schedule. *United States v. Ekong*, 518 F.3d 285, 286 (5th Cir. 2007); *see also United States v. Phillips*, 303 F.3d 548, 551 (5th Cir. 2002) (noting that the Mandatory Victims Restitution Act ("MVRA") requires the Attorney General to enforce restitution orders "aggressively"). David and Jessica's first objection is therefore overruled.

Second, David and Jessica contend that the government may not pursue Jessica's personal wages, as her income is sole-management community property and she is not liable for her spouse's debts incurred prior to their marriage in 2012. Dkt. 54 at 1–2 (citing Tex. Fam. Code § 3.202(b)(1)). David and Jessica are correct that, under Texas law, a judgment creditor of one spouse for liabilities

arising before marriage may not attach the other spouse's separate or sole-management community property to satisfy the debt. TEX. FAM. CODE § 3.202(b)(1); *see also Beal Bank v. Gilbert*, 417 S.W.3d 704, 711 (Tex. App.—Dallas 2013, no pet.). However, in these proceedings the government is seeking to enforce a debt in restitution created under federal law.

The Fifth Circuit has held that an MVRA restitution order is enforceable to the same extent as a federal tax lien. *See United States v. Loftis*, 607 F.3d 173, 179 n.7 (5th Cir. 2010); 18 U.S.C. § 3613(c). Indeed, the Federal Debt Collection Procedure Act ("FDCPA") lays the predicate for preemption of conflicting state law on garnishment exemptions: "This chapter shall not be construed to curtail or limit the right of the United States under any other Federal law or any State law . . . to collect taxes or *to collect any other amount collectible in the same manner as a tax*." 28 U.S.C. § 3003(b)(1) (emphasis added). The government has broad authority to enforce tax liens, and state-law exemptions are not effective against the United States when the government seeks to garnish a debtor's property interests. *United States v. Mitchell*, 403 U.S. 190, 205, 91 S. Ct. 1763 (1971); *Medaris v. United States*, 884 F.2d 832, 833–34 (5th Cir. 1989) (permitting the government to garnish the sole-management community property income of a non-debtor spouse, as state law provides that the debtor spouse has a one-half interest in those wages and federal law preempts Texas's exemption to the contrary). And in *Loftis*, a similar case arising under the MVRA for enforcement, the Fifth Circuit held that "the government could garnish [the debtor spouse's] one-half interest in any community property solely managed by [the non-debtor spouse], including her retirement savings account." *Loftis*, 607 F.3d at 179 n.7. David and Jessica's innocent-spouse objection is overruled.

In conclusion, the court has overruled David and Jessica's legal objections to the government's writ. While the garnishees are ordinarily entitled to a hearing as to the validity of

3

exemptions, the court may rule on the issue by submission when the garnishees fail to raise a colorable federal exemption or raise a pure issue of law that can be decided on the briefs. *See United States v. Goyette*, 446 F. App'x 718, 720–21 (5th Cir. Oct. 24, 2011); *United States v. First Bank & Trust E. Tex.*, 477 F. Supp. 2d 777, 782–83 (E.D. Tex. 2007); *United States v. Harris*, No. 3:12-cv-2133-D, 2012 WL 5845544, at *1 (N.D. Tex. Nov. 19, 2012). David and Jessica have contested this proceeding on purely legal grounds regarding the scope of the government's power under the MVRA and FDCPA, as impacted by purportedly applicable exemptions under Texas community property law. Accordingly, their hearing request is denied. Further, because the court has decided the issues raised by the motion to quash, the stay request pending a ruling is now moot.

For the foregoing reasons, David & Jessica's motion objecting to the government's application for a writ of garnishment (Dkt. 47) is **DENIED**. Their motion for a stay of proceedings and hearing request (Dkt. 54) are likewise **DENIED**.

Signed at Houston, Texas on April 23, 2014.

_____
Gray H. Miller
United States District Judge